*United States v. Sutton*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-six.

Present:
　　　MICHAEL H. PARK,
　　　ALISON J. NATHAN,
　　　MARIA ARAÚJO KAHN,
　　　　　*Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　　*Appellee,*

　　　v.　　　　　　　　　　　　　　　　　　　　　　25-427

DARIUS SUTTON,

　　　　　*Defendant-Appellant.*\*

---

FOR DEFENDANT-APPELLANT:　　　　Randa D. Maher, Law Office of Randa D. Maher, Great Neck, NY.

FOR APPELLEE:　　　　　　　　　Nicholas B. Axelrod, Assistant United States Attorney, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

　　\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.

On January 23, 2024, Defendant-Appellant Darius Sutton pleaded guilty under a plea agreement to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and possessing, brandishing, and discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). He was subsequently sentenced to a term of 240 months of imprisonment and two years of supervised release. The written judgment included thirteen "standard" conditions of supervised release,[1] which the district court did not orally pronounce at sentencing. In addition, while the district court orally pronounced "that as part of supervised release, Mr. Sutton should be evaluated for mental health treatment, and whatever treatment Probation may determine to be appropriate, and he should also be evaluated for drug and alcohol treatment," App'x at 117, the written judgment omitted that condition. On appeal, Sutton challenges (1) the district court's failure to pronounce orally at sentencing the standard conditions of supervised release and (2) the written judgment's omission of the condition that Sutton be evaluated for mental health, drug, and alcohol treatment. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

In *United States v. Maiorana*, 153 F.4th 306 (2d Cir. 2025), we held that "a sentencing court intending to impose non-mandatory conditions of supervised release, including the

---

[1] *See* U.S.S.G. § 5D1.3(b)(2) (setting forth the standard conditions of supervised release).

2

'standard' conditions described in [U.S.S.G.] § 5D1.3[(b)(2)], must notify the defendant during the sentencing proceeding; if the conditions are not pronounced, they may not later be added to the written judgment." *Id.* at 314. Here, "the district court neither pronounced [Sutton's] standard conditions of supervised release listed in the judgment at sentencing, nor specifically incorporated by reference particular conditions that had been set forth in writing and made available to [Sutton]." *United States v. Shelton*, No. 24-2101, 2025 WL 3687777, at \*5 (2d Cir. Dec. 19, 2025) (cleaned up). The parties agree that, under *Maiorana*, vacatur of the standard conditions and a limited remand are appropriate.[2] We agree and vacate that part of the district court's judgment. "On remand, the district court should address the standard conditions of [Sutton's] supervised release in accordance with the procedures laid out in *Maiorana*." *Shelton*, 2025 WL 3687777, at \*5.[3]

Turning to Sutton's second challenge, "[w]e have consistently held that where an unambiguous oral sentence conflicts with the written judgment, . . . the oral pronouncement of sentence must control." *United States v. Peguero*, 34 F.4th 143, 165 (2d Cir. 2022) (cleaned up). "When such a conflict exists, the proper remedy is to remand for amendment of the written judgment." *Id.* (cleaned up). Here, the parties agree that the district court's written judgment omitted the condition, pronounced at sentencing, that Sutton be evaluated for mental health, drug, and alcohol treatment. Accordingly, on remand, the district court should "conform the written

---

[2] *Maiorana* established a "new rule of criminal procedure" that applies to "cases currently on direct review." 153 F.4th at 314 n.11. At the time *Maiorana* was decided, this case was pending on appeal.

[3] We note that Sutton raised additional challenges to the standard conditions imposed by the district court. *See* Appellant Br. at 17-20. The district court may address these issues on remand.

judgment to the orally pronounced sentence" and impose the omitted condition. *Maiorana*, 153 F.4th at 315.

*    *    *

For the foregoing reasons, we **VACATE** the judgment of the district court with respect to the standard conditions of supervised release, and **REMAND** for further proceedings consistent with this order.   We otherwise **AFFIRM**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4